UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO OROZCO, <br><br>  Plaintiff, <br><br> v. <br><br> SHELLPOINT MORTGAGE SERVICING, et al., <br><br>  Defendants. | Case No. 25-cv-10279-PCP <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. Nos. 3, 8 |

Pro se plaintiff Marco Orozco filed this action against defendants Shellpoint Mortgage Servicing, NewRez LLC, Quality Loan Service Corporation, and VMC REO, LLC, alleging that they conducted an unlawful foreclosure sale of Mr. Orozco's home in violation of federal and California law. Mr. Orozco moves this Court *ex parte* for a temporary restraining order, which the Court converted into a motion for a preliminary injunction. He asks the Court to enjoin defendants from evicting him, transferring title to his home, or recording further instruments pending the final resolution of this action. For the reasons set forth below, the Court denies the motion for a preliminary injunction.[1]

**BACKGROUND**

Mr. Orozco resides in Hollister, California. He alleges that, in June 2025, Quality Loan Service Corporation sold his home at a trustee's foreclosure sale. According to Mr. Orozco, he "had a complete loss mitigation application pending with Shellpoint Mortgage Servicing" at the time of the sale "and was actively submitting updated documents that Shellpoint had requested." Despite this pending application, Shellpoint allegedly "proceed[ed] with foreclosure without

---

[1] Mr. Orozco is proceeding in forma pauperis. *See* Dkt. No. 9 (granting application to so proceed). The Court shall screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) in a separate order.

issuing a written decision, without providing appeal rights, and without properly reviewing [Mr. Orozco's] application." Mr. Orozco's complaint also states that defendants "recorded defective foreclosure documents, including an invalid Notice of Default, an invalid Notice of Trustee's Sale, and a Trustee's Deed Upon Sale in favor or VMC REO, LLC."

Mr. Orozco filed this action seeking "to void the foreclosure sale, cancel the trustee's deed, restore title [to him], and obtain damages and injunctive relief." He asserts claims against defendants under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605; Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*; and unspecified "California foreclosure statutes." Concurrent with his complaint, Mr. Orozco filed an *ex parte* application for a temporary restraining order that would prevent defendants from "evicting [him], transferring title, or recording further instruments pending resolution" of his claims. The Court converted Mr. Orozco's application into a motion for a preliminary injunction and ordered defendants to file a response. Defendants have not done so.

## LEGAL STANDARDS

To obtain a preliminary injunction, Mr. Orozco must establish that (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The first two of these factors "are the most critical," *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012), and the absence of either requires the denial of a motion for a preliminary injunction, *see Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam).

## DISCUSSION

Mr. Orozco moves for a preliminary injunction based on his claims that the foreclosure sale and transfer of title to his home violated RESPA and TILA. The Court need not address the merits of these claims because Mr. Orozco has made no showing that he is likely to suffer irreparable injury in the absence of preliminary injunctive relief. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) ("[A] preliminary injunction requires a showing of likely irreparable injury.").

The Supreme Court has instructed that plaintiffs seeking preliminary injunctions must demonstrate an actual likelihood of irreparable harm; a mere possibility of harm is not enough. *See Winter*, 555 U.S. at 22; *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Plaintiffs therefore may not rely on speculative or conclusory assertions to make this showing. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Instead, "[t]hose seeking injunctive relief must proffer *evidence* sufficient to establish a likelihood of irreparable harm." *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013) (emphasis added).

Mr. Orozco has provided no such evidence. His complaint alleges that he is "facing eviction from [his] home" due to the foreclosure sale, and that an eviction would irreparably "disrupt[]" his "living situation" and "prevent [him] from pursuing quiet title or unwinding the foreclosure sale." Because Mr. Orozco's complaint is unverified, however, it "cannot be considered as evidence." *Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006). For the same reason, the Court cannot grant injunctive relief based on the unsworn addendum to his complaint. The only other evidence Mr. Orozco has submitted is an unsigned "Qualified Written Request Under RESPA"—dated June 10, 2025—in which he requested information from Shellpoint concerning the servicing of his loans. This document may show that Shellpoint had an obligation "to provide a timely written response" to Mr. Orozco's inquiry and that Mr. Orozco may be entitled to recover damages if Shellpoint failed to do so. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (citing 12 U.S.C. § 2605(e)(1)(A), (e)(2), (f)). But nothing in the document demonstrates that Mr. Orozco faces imminent eviction or other irreparable harm.

Absent any evidence of an "immediate threatened injury," Mr. Orozco has not satisfied "a prerequisite to preliminary injunctive relief." *Privitera v. Cal. Bd. of Med. Quality Assur.*, 926 F.2d 890, 897 (9th Cir. 1991) (quoting *Caribbean Marine Servs.*, 844 F.2d at 674).

## CONCLUSION

For the foregoing reasons, Mr. Orozco's motion for a preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: December 29, 2025

P. Casey Pitts
United States District Judge

4